UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. & NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.,

                        Plaintiffs,

-v-

AETNA LIFE INSURANCE COMPANY,

                        Defendant.

23-cv-6206 (SHS) (OTW)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Aetna Life Insurance Company has moved to dismiss the complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The ground underlying this motion has been well trodden.

    This action is one of dozens of nearly identical actions brought in the Southern and Eastern Districts of New York by plaintiffs Rowe Plastic Surgery of New Jersey, L.L.C. and Norman Maurice Rowe, M.D., M.H.A., L.L.C. against defendant Aetna Life Insurance Company for refusing to pay plaintiffs' preferred price for surgeries plaintiffs performed on patients insured by Aetna. The U.S. Court of Appeals for the Second Circuit has affirmed the dismissal of one of those materially identical actions for failure to state a claim, and numerous judges in this District have dismissed other essentially similar complaints for failure to state a claim. *See Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sep. 27, 2024); *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194 (S.D.N.Y. 2023) (Rakoff, J.); *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-cv-8529, 2024 WL 382143 (S.D.N.Y. Feb. 1, 2024) (Cote, J.); *Norman Maurice Rowe, M.D., M.H.A., LLC v. Aetna Life Ins. Co.*, No. 23-cv-8527, 2025 WL 692051 (S.D.N.Y. Mar. 4, 2025) (McMahon, J.); *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 22-cv-7900, 2025 WL 1603919 (S.D.N.Y. June 6, 2025) (Rochon, J.).

    For the reasons set forth in those opinions, Defendant's motion to dismiss the complaint is granted in full and this action is dismissed with prejudice. The complaint alleges nothing more than an Aetna employee's oral recitation of the terms of coverage for an insured in an insurance verification call. Plaintiffs' allegations are insufficient to state a claim upon which relief can be granted.

Aetna's request that the Court impose sanctions on plaintiffs and their attorneys is denied because Aetna has not demonstrated that plaintiffs' or their attorneys' conduct satisfies the standard for the imposition of sanctions. *See Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 144 (2d Cir. 2012) (stating that a court imposing sanctions pursuant to its inherent powers or 28 U.S.C. § 1927 must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay" (citation omitted)).

Dated: New York, New York
       August 5, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.