UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. & NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C.,

        Plaintiffs,

-v-

AETNA LIFE INSURANCE COMPANY,

        Defendant.

---

23-cv-6206 (SHS) (OTW)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs have filed an objection pursuant to Federal Rule of Civil Procedure 72(a) to Magistrate Judge Ona Wang's April 7, 2025 Order denying plaintiffs' motion for leave to amend their complaint. (ECF No. 52.) Plaintiffs' objection is denied because the April 7 Order is neither clearly erroneous nor contrary to law.

I. **BACKGROUND**

This action is one of many nearly identical actions brought in this District and the Eastern District of New York by plaintiffs against defendant. It was stayed for a year, pending the U.S. Court of Appeals for the Second Circuit's decision in *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sep. 27, 2024) ("*Rowe Second Circuit*"), which affirmed the dismissal by Judge Jed Rakoff of the amended complaint in one of those essentially identical actions.

After the Second Circuit's decision, Judge Wang ordered that "[i]f Plaintiffs wish to amend their Complaint[] in light of the Second Circuit's decision, they must . . . explicitly address and distinguish the issues raised in Judge Cote's denial of leave to amend in [*Rowe Plastic Surgery of New Jersey, L.L.C. et al. v. Aetna Life Insurance Co.*, No. 23-cv-8529, ECF No. 43 (S.D.N.Y. Feb. 1, 2024)], including whether any estoppel applies to the parties or counsel in [this case]." (ECF No. 34 at 2.)

Judge Wang denied plaintiffs' subsequent motion for leave to amend on April 7, 2025, and noted that she did so "for the same reasons" set forth in her order in yet another similar action brought by plaintiffs against defendant. (ECF No. 48 at 2.) In that other order, Judge Wang found that, because plaintiffs failed to identify how their proposed amended complaint would rectify the specific factual and legal issues identified by Judge Cote and did not address whether estoppel applied, plaintiffs had not complied with her scheduling order and their motion for leave to amend therefore

implicated Federal Rule of Civil Procedure 16 as well as Rule 15. (*Id.* at 8.) Judge Wang noted that, under Rule 16(b), a scheduling order "may be modified only for good cause" and "[t]he movant must demonstrate diligence to satisfy the good cause standard." (*Id.* at 6–7.) She found that plaintiffs had not exercised diligence in seeking amendment, reasoning that they had been on notice of the deficiencies of their original complaint since at least December 2023, when Judge Rakoff rendered his decision dismissing a nearly identical complaint in another case, and had failed to move for leave to amend in the intervening year. (*Id.* at 9.) Judge Wang also found that plaintiffs' motion for leave to amend should be denied because permitting amendment would prejudice defendant by "delay[ing] resolution of this and potentially many of the other cases currently pending in this district" and "requir[ing] Defendant[] to, again, spend significant resources litigating the same issues across numerous cases." (*Id.* at 10.)

## II. APPLICABLE LAW

Judge Wang's decision denying plaintiffs' motion for leave to amend their complaint is a non-dispositive order. *Cf. Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, *such as a motion to amend the complaint*, to a magistrate judge for decision without the parties' consent." (emphasis added)).

A district judge may vacate a magistrate judge's order on a non-dispositive matter if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dass v. City Univ. of N.Y.*, No. 18-cv-11325, 2022 WL 16737028, at *2 (S.D.N.Y. Nov. 7, 2022) (quoting *JPMorgan Chase Bank, N.A. v. Reifler*, No. 11-cv-4016, 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Lan v. Time Warner, Inc.*, No. 11-cv-2870, 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016)). "It is well settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference . . . ." *JPMorgan*, 2016 WL 10570981, at *2 (quoting *Lan*, 2016 WL 928731, at *1).

## III. DISCUSSION

The April 7 Order appropriately balances Rule 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), with Rule 16, which permits modification of scheduling orders only "for good cause," Fed. R. Civ. P. 16(b)(4). Judge Wang determined that plaintiffs had not exercised diligence when they failed to seek leave to amend their complaint for over a year after a nearly identical complaint had been dismissed by Judge Rakoff, and she found that permitting amendment now would unduly prejudice Aetna by prolonging this

2

litigation and requiring it to relitigate issues in multiple actions. These conclusions justify Judge Wang's decision denying plaintiffs' motion for leave to amend and were not clearly erroneous or contrary to law.

In addition, the Court finds that plaintiffs' motion for leave to amend their complaint was properly denied because, based on plaintiffs' proposed amended complaint, amendment would be futile. "[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Hauptman v. Interactive Brokers, LLC*, 349 F. Supp. 3d 292, 295 (S.D.N.Y. 2018) (quoting *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018)). "Amendment to a pleading is futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Id.* (quoting *Long v. Perry*, 679 F. App'x 60, 63 (2d Cir. 2017)).

Plaintiffs' proposed amended complaint fails to state a claim upon which relief can be granted for breach of contract, unjust enrichment, promissory estoppel, or fraudulent inducement.

*First*, the proposed amended complaint fails to state a claim for breach of contract.

"Under New York law, the first element of a breach of contract claim is the existence of a contract," which "requires an offer, acceptance, consideration, mutual assent, and an intent to be bound." *Rowe Second Circuit*, 2024 WL 4315128, at *2 (internal quotation marks omitted).

The allegations in plaintiffs' proposed amended complaint "fall short of the definiteness typically required to create an offer, such as details about the specific service and the price or an explicit undertaking of a duty," and "[a]bsent an offer, there can be no contract between [plaintiffs] and Aetna." *Id.* at *3 (considering allegation that Aetna "represented that [Aetna] would reimburse [the providers for] the services rendered to [the patient] based upon 80% Reasonable and Customary"). The most specific allegation in the proposed amended complaint regarding Aetna's purported offer is that "[o]n September 28, 2021, using industry standard terms and conditions, Aetna orally represented to [plaintiffs] that the price it would be [*sic*] pay for services rendered to [the patient] by out-of-network providers would be the '80th percentile of Reasonable and Customary.'" (ECF No. 37-1, Proposed Amended Complaint ("PAC") ¶ 80; *see also id.* ¶ 14.) The proposed amended complaint includes no additional details regarding the September 28, 2021 call and instead includes only the conclusory allegations that "Aetna knew [plaintiffs] had contemplated Bilateral Reduction Mammaplasty for [the patient], knew that Bilateral Reduction Mammaplasty was indicated for [the patient], and knew which facility the Providers intended on rendering Bilateral Reduction Mammaplasty, and the date by which its offer to cover the surgery would expire." (*Id.* ¶ 50.)

The proposed amended complaint also mentions, with no specific allegations, two further communications between the parties. The proposed amended complaint alleges, "On December 23, 2021, [plaintiffs] received a call from an Aetna employee who orally informed [plaintiffs] that Aetna would cover the Bilateral Reduction Mammaplasty at the out-of-network (OON) level for services at Hudson Regional Hospital from December 23, 2021, to June 23, 2022." (*Id.* ¶ 81.) It also alleges that "[o]n February 9, 2022, Aetna employee Natalie orally informed [plaintiffs] that Aetna agreed to cover Bilateral Reduction Mammaplasty rendered to [the patient] by [plaintiffs'] surgeon employees for dates of service between December 23, 2021 and June 23, 2022, at Hudson Regional Hospital." (*Id.* ¶ 82.)

The "lack of definiteness" in the allegations regarding these three communications "eliminates any uncertainty as to what a reasonable factfinder would conclude about whether [these conversations] created an actionable offer by Aetna." *Rowe Second Circuit*, 2024 WL 4315128, at *3. "Absent an offer, there can be no contract between [plaintiffs] and Aetna." *Id.* Further, the transcript of the September 28, 2021 call reveals that Aetna's representative expressly disclaimed Aetna undertaking any obligation with respect to the operations about which plaintiffs' employee inquired, instead noting that "pre-certification is required" for those procedures. (*See* ECF No. 16-1 at 7.)[1] Neither the September 28, 2021 call nor either of the subsequent alleged communications was an "offer" by Aetna that could be accepted by plaintiffs to form a contract, and the proposed amended complaint therefore fails to state a claim for breach of contract.

*Second*, the proposed amended complaint fails to state a claim for unjust enrichment.

"To plead an unjust enrichment claim, the plaintiff must show: '(1) [the] defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.'" *Rowe Second Circuit*, 2024 WL 4315128, at *3 (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). "In making this type of claim, the plaintiff's allegations must show that the defendant 'received some benefit' from the plaintiff . . . [which] must be 'specific and direct.'" *Id.* (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)). Under New York law, to prevail on an unjust enrichment claim, a plaintiff must "establish that the services were performed for the defendant" because, "if the services were performed at the behest of someone other than the defendant, the

---

[1] The transcript of this call is properly considered on a motion to dismiss the proposed amended complaint because that complaint relies on the call to such an extent that the transcript is integral to the proposed amended complaint. *See Rowe Second Circuit*, 2024 WL 4315128, at *2.

4

plaintiff must look to that person for recovery." *Katselnik & Katselnik, Inc. v. Silverman*, No. 111147/2008, 2009 WL 3713145 (N.Y. Sup. Ct. Oct. 13, 2009); *see also Kagan v. Tel Ent., Inc.*, 172 A.D.2d 375, 376 (1st Dep't 1991) ("[T]o recover under a theory of quasi contract, a plaintiff must demonstrate that the services were performed *for the defendant* resulting in its unjust enrichment."); *Josephson v. United Healthcare Corp.*, No. 11-cv-3665, 2012 WL 4511365, at *5 (E.D.N.Y. Sept. 28, 2012) (dismissing medical provider's unjust enrichment claim against insurer because the medical "services were performed at the behest of [the medical provider's] patients, not [the insurer]")

The proposed amended complaint's unjust enrichment claim fails because, among other reasons, there is no allegation that the medical services at issue in this case were performed for Aetna. Rather, the surgeries were performed at the behest of the patient. Indeed, the proposed amended complaint alleges that it was plaintiffs themselves who reached out to Aetna on the patient's behalf regarding the surgeries. It is not plausible for plaintiffs to suggest that the operations were somehow performed at the behest of Aetna, and the proposed amended complaint therefore fails to state a claim for unjust enrichment.

*Third*, the proposed amended complaint fails to state a claim for promissory estoppel. "The first element of a promissory estoppel claim is a 'clear and unambiguous promise.'" *Rowe Second Circuit*, 2024 WL 4315128, at *4 (quoting *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995)). "A promise is not 'clear and unambiguous' where the allegations are premised on an ambiguity or where the alleged promise is conditional upon further agreements or negotiations." *Id.* As set forth above with respect to the breach of contract claim, the allegations in the proposed amended complaint (and the transcript of the September 28, 2021 call between plaintiffs' employee and defendant's employee) do not establish a clear and unambiguous promise that is actionable under a promissory estoppel theory.

*Finally*, the proposed amended complaint does not state a claim for fraudulent inducement.

"A fraudulent inducement claim requires '(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by [plaintiffs]; and (iv) resulting damages.'" *Rowe Second Circuit*, 2024 WL 4315128, at *4 (quoting *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 62 (2d Cir. 2012)). A fraudulent inducement claim must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires the plaintiff to plead "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, plaintiffs have merely "repurposed the allegations underlying their breach of contract claim to allege a fraudulent inducement claim." *Rowe Second Circuit*, 2024 WL

5

4315128, at *5. But "a fraud claim may not be used as a means of restating what is, in substance, a claim for breach of contract." *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006). Instead, "the material misrepresentation must be 'collateral to the contract it induced'" for a fraudulent inducement claim to lie. *Rowe Second Circuit*, 2024 WL 4315128, at *5 (quoting *Wall*, 471 F.3d at 416). The proposed amended complaint alleges that "[i]t was a lie to say that Aetna's price was the '80th percentile of Reasonable and Customary' because Aetna was not using Reasonable and Customary to determine [out-of-network] prices at that time and had ceased using Reasonable and Customary to price [out-of-network] services years before." (PAC ¶ 92.) A panel of the Second Circuit has found that this same overarching allegation that Aetna materially misrepresented the surgery's out-of-network reimbursement rate in order to induce plaintiffs to perform the surgery was "insufficient to allege a misrepresentation 'collateral to' the allegations supporting their breach of contract claim." *Rowe Second Circuit*, 2024 WL 4315128, at *5; *see also Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 22-cv-7900, 2025 WL 1603919, at *7 (S.D.N.Y. June 6, 2025). For this reason, the proposed amended complaint fails to state a claim for fraudulent inducement.

## IV. CONCLUSION

Judge Wang's April 7 Order denying plaintiffs' motion for leave to amend their complaint was well grounded in the law. Its reasoning and conclusions were neither clearly erroneous nor contrary to law. Accordingly, plaintiffs' objection to the April 7 Order is denied.

Dated: New York, New York
August 5, 2025

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.